1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMUEL D. BATES,

11            Plaintiff,                    No. CIV S-06-1035 WBS EFB PS

12        vs.

13   DAVID OSBORN and INTERNAL
     REVENUE SERVICE,

14
              Defendants.            FINDINGS AND RECOMMENDATIONS
15   _____/

16        This action involves a petition to quash tax summonses.  Plaintiff is proceeding pro se,

17   and the matter was referred to the magistrate judge under Local Rule 72-302(c)(10) and (c)(21),[1]

18   pursuant to 28 U.S.C. § 636(b)(1).  Presently before the court is defendants' motion to dismiss

19   plaintiff's "petition to quash summons, petition for writ of mandamus, demand for a bill of

20   particulars and claim for personal damages."  That motion was taken under submission without

21   oral argument on September 18, 2006.  Accordingly, the court issues the following findings and

22   ////

23

24        [1]  Local Rule 72-302(c)(10) refers to the magistrate judges petitions to quash
     administrative summonses filed pursuant to 26 U.S.C. § 7609(b)(2).  Although plaintiff claims
25   that his challenge to these tax summonses in not pursuant to 26 U.S.C. § 7609(b)(2), as shown
     below, his remedy -- if any -- arises under that provision.  Additionally, this matter is properly
26   before this court pursuant to Local Rule 72-302(c)(21), as plaintiff is proceeding pro se.

1

1  recommendations.[2]

2  I. <u>BACKGROUND</u>

3       Plaintiff filed on May 11, 2006, a document entitled "petition to quash summons, petition

4  for writ of mandamus, demand for a bill of particulars and claim for personal damages"

5  (hereinafter the "petition").[3]  The petition names as defendants Revenue Agent David Osborn

6  (and coworkers) and the Internal Revenue Service.  The petition and its attachments contain

7  lengthy and incoherent allegations concerning, among other things, the purported inapplicability

8  of the tax code to plaintiff.  Although the petition and its various attachments are vague and

9  ambiguous, it appears that the petition's primary goal is to obtain an order quashing eight

10  administrative summonses issued by the IRS to various third parties concerning plaintiff and his

11  wife.

12       The IRS is conducting an examination of the income tax liabilities of plaintiff and his

13  wife, Joyce M. Bates, for the years 2003 and 2004.  *See* Declaration of David Osborn ("Osborn

14  Decl."), at ¶ 4.  Defendant David Osborn,[4] the IRS employee conducting that examination,

15  issued subpoenas to the following third parties on April 13, 2006: (1) Medical Savings Insurance

16  Company, Indianapolis, Indiana; (2) Mid-Ohio Securities Corporation, Elyria Ohio; (3) Safe

17  America Federal Credit Union, Hayward California; (4) Stockmans Bank, Elk Grove, California;

18  (5) Farmers and Merchants Bank of Central California, Lodi, California; (6) James Jordan, Jr.,

19  dba Colorado Bankers Services, Phoenix, Arizona; (7) Amerus Life Insurance Company, Des

20  Moines, Iowa; and (8) Executive Marketing Holding Corporation, Lakewood Colorado.  Osborn

21  Decl., at ¶¶ 5-6.

22  _____

23      [2] These findings and recommendations also address plaintiff's motion for default judgment, filed on July 5, 2005.

24      [3] The court refers to petitioner as "plaintiff" because his petition includes, among other things, a purported claim for damages.

25

26      [4] David Osborn is a pseudonym registered with the IRS, per IRS internal procedures, and is used for security and safety reasons.  *See* Osborn Decl., at ¶ 2.

1    These administrative summonses request financial records relating to the plaintiff and his

2  wife, and were issued for the purpose of ascertaining the correctness of the plaintiff's joint

3  federal income tax returns for the years 2003 and 2004.  Osborn Decl., at ¶¶ 7, 15.

4    Plaintiff asserts that his petition to quash is "undertaken under the Constitution and the

5  rules of *equity*, and *not* under law or the Internal Revenue Code, and is undertaken *personally*

6  and *individually* against the Defendant, David Osborn, and anyone else he may be working with

7  to illegally enforce the internal revenue laws of the *federal* United States."  *See* Petition, at 7:35-

8  37 (emphasis in original).

9    The United States moves the court to dismiss the entire petition on various grounds.  The

10  United States urges that it – not the named defendants – is the only proper defendant in an action

11  to quash a tax summons and the plaintiff has not satisfied the prerequisites to suit against the

12  United States.  Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

13  subject matter jurisdiction on the basis of sovereign immunity.  In addition to lack of

14  jurisdiction, defendant moves to dismiss plaintiff's claim for damages pursuant to Fed. R. Civ. P.

15  12(b)(6) for failure to state a claim.  Finally, defendant moves to dismiss the claims plaintiff

16  labels as requests for a bill of particulars and a writ of mandamus.

17    Plaintiff filed an untimely "reply to defendant's motion to dismiss," which this court

18  construes as an opposition.  In his opposition, plaintiff requests default judgment against

19  defendant and again asserts that the IRS is without authority to issue the summons at issue in this

20  case.

21  II.  DISCUSSION

22    A.  Proper Party Defendant

23    Plaintiff names as defendants the Internal Revenue Service and Internal Revenue Agent

24  David Osborn (and coworkers).  Neither are proper parties. The Internal Revenue Service is a

25  federal agency of the United States Government and as such may not be sued except to the extent

26  that Congress has specifically allowed.  *Devries v. IRS*, 359 F. Supp. 2d 988, 992 (E.D. Cal.

1  2005) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)).  Congress has made no provisions

2  allowing for suits against the IRS and it is not a suable entity.  *Devries*, 359 F. Supp. 2d at 991-

3  92 (dismissing Treasury Department and IRS and substituting the United States as a defendant).

4      Similarly, a claim challenging the tax summonses may not be brought against the

5  individual IRS Agent, David Osborn.  Rather, the action arises, if at all, solely against the United

6  States.  "When an action is one against named individual defendants, but the acts complained of

7  consist of actions taken by defendants in their official capacity as agents of the United States, the

8  action is in fact one against the United States."  *English v. Krubsack*, 371 F. Supp. 2d 1198, 1200

9  (E.D. Cal. 2005) (quoting *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989)).  "[A] suit

10  against IRS employees in their official capacity is essentially a suit against the United States."

11  *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

12      Here, plaintiff specifically alleges that the present action is "undertaken personally and

13  individually against the defendant David Osborn."  Petition at 7:35-37.  Yet, it is clear that the

14  only actions complained of are the issuance of the eight administrative summonses.  The acts

15  complained of were taken by Osborn in his official capacity as an IRS agent while investigating

16  plaintiff's tax liabilities.  Thus, the action challenging those acts may only be brought against the

17  United States.

18      Accordingly, because neither David Osborn nor the IRS are proper defendants they must

19  be dismissed from this action.

20      B.  Claim for Damages

21      To the extent the petition can be construed as a *Bivens*[5] claim for damages against David

22  Osborn individually, plaintiff is barred from such relief.  As a general matter, *Bivens* relief is

23  unavailable for alleged constitutional violations by IRS officials.  *Adams v. Johnson*, 355 F.3d

24  1179, 1886 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful

25

26      [5] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.
388 (1971).

1    protections against government transgressions in tax assessment and collection, we hold that

2    *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials.").  Moreover,

3    the complaint consists of frivolous and prolix tax protestor arguments about why the tax laws

4    should not be applied to plaintiff.  He also alleges "harassment, intimidation, violation of due

5    process (Fifth Amendment), extortion under the color of law (18 U.S.C. § 872) and abuse of

6    legal process (18 U.S.C. § 1589(3))" by defendant David Osborn and his coworkers "as

7    individuals."  Plaintiff seeks "restitution" pursuant to 18 U.S.C. § 1593 for defendant's alleged

8    "illegal activities" in "mis-enforc[ing] the internal revenue laws of the federal United States."

9    *See* Petition at 9:9-15.

10        Plaintiff's reliance on Title 18 of the United States Code to assert a claim for damages is

11   misplaced.  "Civil causes of action . . . do not generally lie under the criminal statutes contained

12   in Title 18 of the United States Code." *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal.

13   1997).  Plaintiff also fails to state a claim for damages by reference to the Fifth Amendment. *Id.*

14   at 404 (citing Supreme Court's rejection of due process challenge to tax levies in *Fuentes v.*

15   *Shevin*, 407 U.S. 67, 90-92 (1972) and *Phillips v. Commissioner*, 283 U.S. 589, 595-97 (1931)).

16   However inartfully plead, plaintiff's claim for damages are premised on the alleged illegality of

17   the Internal Revenue Code's enforcement.  As such, plaintiff has failed to state a claim for which

18   relief may be granted.  Moreover, allowing plaintiff to amend his petition to state a claim for

19   damages would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of a

20   pro se complaint for failure to state a claim is proper where amendment would be futile).

21       For these reasons plaintiff's claims for damages are wholly without merit and must be

22   dismissed.

23       C.  Dismissal of Petition to Quash Summonses

24        The United States moves to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1) on

25   the basis of the sovereign immunity.  "It is well settled that the United States is a sovereign, and,

26   as such, is immune from suit unless it has expressly waived such immunity and consented to be

1   sued." *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  Absent its consent to suit, an

2   action against the United States must be dismissed.  *Elias v. Connett*, 908 F.3d 521, 527 (9th Cir.

3   1990).

4          "When an IRS summons is issued to a third party recordkeeper as defined in §

5   7609(a)(3), the taxpayer, as a person 'entitled to notice of a summons' under § 7609(a), has

6   twenty days from the date of notice to bring a proceeding to quash the summons."  *Ponsford v.*

7   *United States*, 771 F.2d 1305, 1309 (9th Cir. 1985) (quoting 26 U.S.C. § 7609(b) (2) (A)).  "The

8   twenty-day filing requirement of § 7609(b)(2)(A) is jurisdictional . . . because it is a condition

9   precedent to the waiver of sovereign immunity."  *Id.* at 1309.  Some decisions have questioned

10  whether *Ponsford's* conclusion that § 7609(a) is jurisdictional remains controlling in light of the

11  Supreme Court's decision in *Irwin v. Dept. of Veteran's Affairs*, 498 U.S. 89 (1990).  *See*

12  *Mackenzie v. United States*, 1999 WL 1001598 (E.D. Cal., Oct. 4, 1999) (§ 7609(a) not

13  jurisdiction but a statute of limitations subject to equitable tolling); *Mack v. IRS*, 1995 WL

14  556628 (E.D. Cal., July 18, 1995) (same).  However, under either analysis, plaintiff's challenge

15  here is time-barred.

16         The twenty day period begins to run on the date that notice of the summons is mailed to

17  the taxpayer.  *Hill v. Mosby*, 896 F. Supp. 1004, 1005 (D. Idaho 1995) (citing *Stringer v. United*

18  *States*, 776 F.2d 274, 275-76 (11th Cir. 1985)).  Here, the notices of summonses were provided

19  by certified mail to plaintiff on April 13, 2006, and April 18, 2006.  Osborn Decl. at ¶¶ 5, 6, 11.

20  Plaintiff did not file the petition until May 11, 2006 – more than twenty days after the IRS

21  provided notice.  Plaintiff fails to deny or explain the untimeliness of his petition in any of the

22  documents he has filed with the court, either in the affidavit attached to his petition or in his

23  "reply to defendant's motion to dismiss" and the attachments thereto.[6]  He fails to present any

24

---

25         [6] Plaintiff's challenge to the summonses is little more than a rambling and meritless
    attack on the legitimacy of the Internal Revenue Code.  Plaintiff challenges the summonses as
26  "illegal," Petition at 8:4, and on that basis asserts that the IRS has no authority over plaintiff's

1    basis for tolling the applicable time limitation.

2         Whether compliance with the twenty-day period is a jurisdictional "condition precedent

3    to the waiver of sovereign immunity," *Ponsford*, 771 F.2d at 1309, or a statute of limitations

4    under *Irwin*, indisputably plaintiff failed to meet it.  Moreover, he presents no good cause for

5    doing so and this fact alone requires dismissal.[7]

6         D.  Writ of Mandamus

7         Plaintiff's petition also includes a "petition for a writ of mandamus" to compel the IRS to

8    cease its investigation of his tax liabilities and to answer various questions and allegations

9    contained in the petition.  "Mandamus writs, as extraordinary remedies, are appropriate only

10   when a federal officer, employee, or agency owes a nondiscretionary duty to a plaintiff that is so

11   plainly prescribed as to be free from doubt."  *Stang v. IRS*, 788 F.2d 564, 565 (9th Cir. 1986).

12   Plaintiff has not identified any nondiscretionary duty owed to him by the IRS.  Further, the

13   actions plaintiff seeks to compel are not duties owed by the IRS.  Accordingly, plaintiff's claim

14   for mandamus must be dismissed.

15        E. Bill of Particulars

16        Plaintiff also demands that the IRS be required to produce a "bill of particulars

17   documenting probable cause."  No showing of probable cause is required merely for an

18   investigation concerning tax liabilities.  *United States v. Theep*, 502 F.2d 797, 798 (9th Cir.

19   1974).  Furthermore, the Federal Rules of Civil Procedure no longer contemplate a motion for a

20

"entire estate."  Petition at 9:12-14.

21

22        [7] Defendant also moves for dismissal due to plaintiff's failure to comply with other
     requirements set forth in 26 U.S.C. § 7609.  Each are well taken.  Plaintiff failed to send by
     registered or certified mail copies of the petition to the summoned financial institutions or the
23   IRS within 20 days of receiving notice of the summons, as required by § 7609(b)(2)(B).  He
     failed to file the petition in the districts where six of the eight summoned parties are located, as
24   required by § 7609(h).  Furthermore, he failed to properly serve the United States pursuant to
     Fed. R. Civ. P. 4(I) (the petition was not sent by registered or certified mail; did not include a
25   summons; and, U.S. Attorney General's Office has no record of receiving a copy of it).
     However, because the court has determined that dismissal of the petition is required on the
26   grounds discussed above, the court need not reach these alternate grounds.

1  bill of particulars.  *CMAX, Inc. v. Hall*, 290 F.2d 736, 738 (9th Cir. 1961).  Thus, to the extent

2  plaintiff's incoherent request can be construed as such a motion, the court recommends it be

3  denied and the claim dismissed.

4          F. Motion for Default Judgment

5          Plaintiff's "petition for entry of default judgment," filed on July 5, 2006, is frivolous.  He

6  urges entry of default judgment based on defendant's failure to file an answer rather than the

7  instant motion to dismiss.  Rule 12(b) plainly provides that a motion to dismiss made thereunder

8  "shall be made before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b).  No

9  answer is required until the district court disposes of a motion to dismiss made pursuant to that

10 rule.  *Terry v. IRS*, 1997 U.S. Dist. LEXIS 17025, at *6-7  (D. Ariz. Sept. 29, 1997).  Defendant

11 filed a motion to dismiss pursuant to Rule 12(b), and the motion has not yet been disposed of;

12 accordingly, defendant is not yet required to file an answer.  Furthermore, pursuant to Rule 55(a)

13 of the Federal Rules of Civil Procedure, plaintiff must apply for entry of default before default

14 judgment can be entered.  *Id.*  He has not done so, and any such request would be equally

15 frivolous.  The defendant is not in default.  Plaintiff's "petition for entry of default judgment"

16 must be denied.

17 IV.  CONCLUSION

18          In accordance with the foregoing, IT IS RECOMMENDED that:

19          1. Defendant's motion to dismiss the "petition to quash summons, petition for writ of

20 mandamus, demand for a bill of particulars and claim for personal damages" be granted without

21 leave to amend;

22          2.  Plaintiff's "motion for default judgment" be denied; and,

23          3.  The Clerk be directed to close this case.

24          These findings and recommendations are submitted to the United States District Judge

25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

26 days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within ten (10) days after service of the objections.  The parties are

4  advised that failure to file objections within the specified time may waive the right to appeal the

5  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

6  951 F.2d 1153, 1157 (9th Cir. 1991).

7  DATED:  January 26, 2007.

8

9                     EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26